# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CANNING LOGISTICS SERVICES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BAXTER BAILEY & ASSOCIATES, INC.,<br>a Mississippi Corporation; JT REESOR,<br>and PAUL FOWLER,<br><br>Defendants. | 8:17CV116<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 15, filed by Plaintiff Canning Logistics Services, LLC ("CLS"). For the reasons stated below, the Court will grant the motion for temporary restraining order in part.

## BACKGROUND

CLS provided freight-hauling transportation logistics for customers as both a carrier and a freight broker.[1] In September of 2014, CLS entered into a written contract ("Broker-Carrier Agreement") with Cyclone Carriers, LTD, ("Cyclone") to complete a series of freight-hauling jobs. After working with CLS for approximately two years, Cyclone demanded payments it alleged CLS owed based on oral agreements with Cyclone. CLS denied the existence of these oral agreements and claimed all money owed under the Broker-Carrier Agreement was paid. On October 26, 2016, Cyclone sued CLS in the District Court of Pottawattamie County, Iowa. On February 28, 2017,

---

[1] The evidence indicates that CLS recently ceased operating as a freight broker and is now exclusively a carrier.

the Pottawattamie County District Court determined that the alleged oral agreements between CLS and Cyclone were within the scope of the Broker-Carrier Agreement and governed by its terms, including an arbitration provision. Accordingly, that court stayed the proceeding, pending arbitration.

In early January of 2017, CLS became aware that Defendant Baxter Bailey & Associates, LLC, ("BBA") along with its President, JT Reesor, and its employee Paul Fowler, ("Defendants") were attempting to collect debts allegedly owed by CLS to Cyclone, which Cyclone allegedly assigned to BBA. Beginning on January 25, 2017, Fowler sent a series of emails to CLS Director of Operations Tim Lukowski,[2] and copied several major customers of CLS, accusing CLS of dishonesty and of sending checks without sufficient funds. The email also threatened Lukowski with "criminal charges." Fowler sent similar emails on February 21 and 22, 2017, again copying various CLS customers, demanding payment from Lukowski and accusing Lukowski of personal and professional dishonesty. On February 24, 2017, and March 2, 2017, BBA sent letters to two major CLS customers, stating that the customers were liable for the debt owed to Cyclone due to CLS's nonpayment. On March 29, 2017, a CLS customer informed CLS that it was suspending payments to CLS pending an investigation into allegations that CLS engaged in double-brokering and failed to pay its carriers.

CLS filed suit against Defendants in the District Court of Douglas County, Nebraska, on March 16, 2017, alleging tortious interference with business relationships and defamation. ECF No. 1-2. Defendants removed the action to this Court on April 4,

---

[2] Lukowski is also the co-founder, majority owner, and Executive Vice President of CLS. Lukowski Aff. ¶ 5, ECF No. 17-1, Page ID 152.

2017. ECF No. 1. On April 25, 2017, CLS moved for a temporary restraining order ("TRO") and preliminary injunction. ECF No. 15. CLS asked this Court to enjoin Defendants from (1) attempting to collect from CLS or third parties any debts allegedly owed to Cyclone by CLS; (2) making any representations regarding the credit rating or reputation of CLS or regarding the status of the litigation and arbitration pending between Cyclone and CLS; (3) making any statements disparaging Lukowski; or (4) making any representations to any third party, threatening CLS with litigation.

The Court held a hearing on May 1, 2017. All parties were represented by counsel, who requested that the matter proceed on the TRO only, and that a hearing on the motion for preliminary injunction be scheduled for a later date. The Court scheduled a hearing on the preliminary injunction for May 11, 2017. After considering the briefs and evidence submitted by the parties, as well as the arguments presented, the Court will grant the motion for a TRO in part.

**STANDARD OF REVIEW**

Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), when determining whether to issue a TRO. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (approving the use of *Dataphase* factors for analyzing a TRO motion). Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase*, 640 F.2d at 114. "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d 970, 974 (D. Neb. 2008). The

movant bears the burden of establishing the propriety of the TRO.  *See Roudachevski v. All-Am. Care Ctrs., Inc.*, 648 F.3d 701, 705 (8th Cir. 2011).

## DISCUSSION

The Court has reviewed the *Dataphase* factors and applied them to the facts of this case, based on the evidence currently before the Court.  The Court concludes that CLS has met its initial burden of showing a probability of success on the merits with respect to its action for tortious interference with business relationships.  CLS also has demonstrated a likelihood of irreparable harm through loss of customers and good will, if BBA is permitted to continue its collection efforts directed at CLS customers.  The balance of harms favors issuing the TRO, given the relatively short time until the hearing on the preliminary injunction and the absence of irreparable harm demonstrated by BBA.  The Court finds that the public interest is neutral regarding the issuance of a TRO, limited to BBA's collection efforts directed at CLS customers.

Accordingly,

IT IS ORDERED:

1. Plaintiff Canning Logistical Services, LLC's Motion for Temporary Restraining Order, ECF No. 15, is granted in part as follows:

    a. Defendants are temporarily restrained from attempting to collect on any debts allegedly owed by Plaintiff Canning Logistical Services, LLC, to Cyclone Carriers, LTD;

    b. Defendants are temporarily restrained from contacting any customers of Plaintiff Canning Logistical Services, LLC, for the purpose of collecting any debts allegedly owed by Plaintiff Canning Logistical Services, LLC to Cyclone Carriers, LTD;

    c. To the extent the Motion seeks the issuance of a temporary restraining order, it is otherwise denied; and

2. The portion of the Motion, ECF No. 15, seeking the issuance of a preliminary injunction remains pending before the Court.

Dated this 2nd day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge